## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BROOKE CREDIT CORP.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No.06-2510–CM** |
| | ) | |
| **LOBELL-DIXON INS. AGENCY, LLC,** | ) | |
| **et. al,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant Lobell Insurance Services, LLC's ("Lobell Insurance") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11). The court heard arguments from plaintiff and Lobell Insurance regarding this motion at a December 15, 2006 hearing, originally scheduled for Plaintiff's Motion for Temporary Restraining Order and Replevin (Doc. 2). Because of the dispositive nature of the present motion, the court postponed argument regarding the motion for temporary restraining order.

### I. Background

On November 21, 2006, plaintiff filed this case against defendants Lobell-Dixon Insurance Agency, LLC ("Lobell-Dixon"), Rhonda Lobell, Agency Support Services, LLC, and Lobell Insurance Services, LLC. According to the information provided by plaintiff, plaintiff provides credit to insurance agencies that are franchises of Brooke Franchise Corporation. Defendant Rhonda Lobell is a former franchisee of plaintiff. Rhonda Lobell ran three Brooke Insurance agencies in Louisiana as part of Lobell-Dixon, a separate defendant. Rhonda Lobell is also the registered agent

for defendant Agency Support Services, who guaranteed the loan agreement from plaintiff to defendant Lobell-Dixon.

In late November 2004, plaintiff and defendant Lobell-Dixon entered into a franchise agreement, a loan agreement, and a security agreement.  As part of the loan agreement, defendant Lobell-Dixon agreed that if the relationship dissolved, Lobell-Dixon and Rhonda Lobell would not solicit or write policies for former customers of Lobell-Dixon and not divert any customers from plaintiff Brooke Franchise for three years.

In November 2005, Paul Eleazar, Jr., the boyfriend of Rhonda Lobell, established Lobell Insurance.  Lobell Insurance is located down the street from one of the three Lobell-Dixon agencies.  Mr. Eleazar is not a defendant.  Neither Lobell Insurance, nor Paul Eleazar, were parties to any agreement with plaintiff.  Plaintiff claims that defendants Lobell-Services and Rhonda Lobell were diverting customers to Lobell Insurance.

On December 14, 2006, the court received notice that defendants Lobell-Dixon, Rhonda Lobell, and Agency Support Services filed bankruptcy in the Middle District of Louisiana.  The court, therefore, notes that the present motion only applies to Lobell Insurance.

## II.  Personal Jurisdiction Standards

A plaintiff bears the burden of establishing personal jurisdiction over a defendant.  *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  To demonstrate personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie showing that jurisdiction exists.[1]  *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518,

---

[1]  Eventually a plaintiff must establish jurisdiction by a preponderance of the evidence, either at a pretrial evidentiary hearing or at trial.  *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d
(continued...)

1524 (10th Cir. 1987). In ascertaining the facts necessary to establish jurisdiction, the court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits. *Id*. The plaintiff, however, has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

Whether this court has personal jurisdiction over a moving nonresident defendant is determined by the law of Kansas, as it represents "the law of the forum state." *Yarbrough v. Elmer Bunker & Assocs.,* 669 F.2d 614, 616 (10th Cir. 1982); *see also* Fed. R. Civ. P. 4(e). In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court applies a two-part test. First, it determines if the defendant's conduct falls within one of the provisions of the Kansas long-arm statute. Second, it determines whether the defendant had sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir. 1990).

Section 60-308(b)(2) of the Kansas long-arm statute provides that any person submits to the jurisdiction of the Kansas courts "as to any cause of action arising from . . . [the] commission of a tortious act within this state." Kan. Stat. Ann. § 60-308(b)(2). Kansas courts have found that Kansas's long-arm jurisdiction is properly invoked under § 60-308(b)(2) where a plaintiff alleges the commission of tortious activity outside the State of Kansas that causes injury within the State of Kansas. *Ling v. Jan's Liquors*, 703 P.2d 731, 734 (Kan. 1985) ("Although [the defendant] has never

---

[1] (...continued)
731, 733 (10th Cir. 1984); *Wilson v. Olathe Bank*, No. 97-2458-KHV, 1998 WL 184470, at *1 (D. Kan. Mar. 2, 1998).

done business in Kansas, [its] conduct allegedly caused injury . . . in Kansas and, therefore, the alleged tort is deemed to have occurred in Kansas"); *Dazey Corp. v. Wolfman*, 948 F. Supp. 969, 973 (D. Kan. 1996) (construing Kan. Stat. Ann. § 60-308(b)(2)).

The Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)). Under the due process analysis, the "constitutional touchstone" is "whether the defendant purposely established 'minimum contacts' in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The plaintiff can establish that the defendant has sufficient "minimum contacts" with the forum state in two ways. General jurisdiction exists when a "defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction," even when the claims are unrelated to the defendant's contacts with the forum state. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996) (citation omitted). Specific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state—thereby invoking the benefits and protections of the state's laws—and the claims against him arise out of those contacts. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). The purposeful availment requirement ensures that a defendant will not be sued in a foreign jurisdiction solely as a result of the unilateral activity of another party. *Burger King*, 471 U.S. at 475.

Consistent with due process, specific jurisdiction may be conferred over a nonresident defendant where the court's exercise of jurisdiction directly arises from a defendant's forum-related activities. To determine whether specific jurisdiction is appropriate, the court must first decide

-4-

whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  Second, the court must then consider whether the exercise of personal jurisdiction offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987).  This inquiry requires a determination of whether a district court's "exercise of personal jurisdiction over a defendant with minimum contacts is reasonable in light of the circumstances surrounding the case." *Pro Axess, Inc. v. Orlux Distrib'n, Inc.*, 428 F.3d 1270, 1279 (10th Cir. 2005) (quotation omitted).

**II.  Analysis**

Lobell Insurance challenges the complaint's basis of jurisdiction, which states that jurisdiction in this district is proper "because [of] the Loan Agreement between the parties" and "because certain accounts receivable payable to Lobell-Dixon . . . are payable in Kansas."  Instead, Lobell Insurance stresses that it was not a party to any agreement with plaintiff.  According to Mr. Eleazar's affidavit, Lobell Insurance conducts business only in Louisiana and owns no property or bank accounts in Kansas.

Plaintiff chose not to provide the court with a response memorandum.  At a hearing on December 15, 2006, plaintiff responded to the present motion.  Although plaintiff also recounted the alleged facts regarding the loan agreement and the other defendants, plaintiff relied on the recent Kansas Supreme Court case *Merriman v. Crompton Corp.*, 146 P.3d 162 (Kan. 2006), to support its argument that this court has personal jurisdiction over Lobell Insurance.  The *Merriman* court held that the Kansas long-arm statute covered acts that occur outside of Kansas, but cause injury in Kansas.  *Merriman*, 146 P.3d at 180.  Additionally, the court found no distinction between physical and economic injury.  *Id.*  Thus, because plaintiff alleges that Lobell Insurance's actions caused

plaintiff economic injury in Kansas, the Kansas long-arm statute covers Lobell Insurance.

This conclusion alone is not sufficient to establish personal jurisdiction. Plaintiff failed to demonstrate minimum contacts with Kansas to satisfy due process analysis. Plaintiff never alleged that Lobell Insurance engaged in any business practices in Kansas. Plaintiff acknowledges that the only connection Lobell Insurance has to Kansas is that it received the Louisiana insurance customers from the other defendants. According to the complaint, Rhonda Lobell encouraged Mr. Eleazar to solicit these customers. Without a clear allegation that Lobell Insurance purposely directed its activities towards Kansas, these allegations are not sufficient for Lobell Insurance to anticipate coming to court in Kansas.

Similarly, the circumstances surrounding this case do not support exercising personal jurisdiction over Lobell Insurance. As stated, Lobell Insurance is the only defendant that was not a party to any agreement with plaintiff. However, any jurisdiction this court may have over the other defendants is affected by their filing for bankruptcy in the Middle District of Louisiana.

*Merriman* does not require a different result. After finding that the defendant in that case was reachable under the Kansas long-arm statute, the *Merriman* court similarly analyzed whether due process was satisfied. 146 P.3d at 182. The *Merriman* court relied on conspiracy jurisdiction to satisfy due process. *Id.* at 186. Such reasoning is not presently applicable. For conspiracy jurisdiction to apply, plaintiff must allege "a conspiracy to commit a business tort which had foreseeable consequences in Kansas." *NL Indus., Inc. v. Gulf & W. Indus., Inc.*, 650 F. Supp 1115, 1137 (D. Kan. 1986). These allegations must be credible and supported, and not purely conclusory. *Id.* Plaintiff's complaint does not include any allegation of conspiracy to commit a business tort. Any extemporaneous, unsupported comments made by plaintiff's counsel regarding a conspiracy are insufficient to allege a conspiracy. Plaintiff has not met its burden to establish personal jurisdiction

over Lobell Insurance.

**IT IS THEREFORE ORDERED** that Lobell Insurance's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 11) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order and Replevin (Doc. 2) is denied as moot.

Dated this <u>21st</u> day of December 2006, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**